IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE GUARDARRAMA,<br><br>**Plaintiff**<br><br>vs.<br><br>MUNICIPALITY OF AGUAS BUENAS, ET. AL.,<br><br>**Defendants** | CIVIL NO. 10-2254 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court stands co-defendant's, Municipality of Aguas Buenas ("Aguas Buenas"), motion for judgment on the pleadings. Plaintiff Jose Guardarrama ("Guardarrama") timely opposed Aguas Buenas' motion. For the reasons stated below, said motion is hereby **DENIED**.

**BACKGROUND**

Guardarrama filed his complaint on December 22, 2010, pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.* Guardarrama also alleges pendent claims pursuant to Puerto Rico Act No. 44 of July 2, 1985, P.R. Laws Ann. tit. 1, § 501 *et seq.* ("Law 44") and Puerto Rico Act No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185 *et seq.* ("Law 80"). Aguas Buenas filed a motion requesting judgment on the pleadings on October 28, 2011. Guardarrama timely opposed the motion for judgment on the pleadings.

In his complaint, Guardarrama avers that he suffers from

mental retardation, a condition that affects his ability to speak and communicate. Guardarrama also states that around August 2008, co-defendant Isabel Rosario began to harass him and make fun of his impairment in front of others. Guardarrama argues that Ms. Rosario would also call him "cabron" and "pendejo" at work. Guardarrama's complaint states that he complained about Ms. Rosario's behavior and that as a result, he was no longer made to work with Ms. Rosario. Guardarrama avers that Aguas Buenas was aware of Ms. Rosario's harassment. However, Ms. Rosario and Guardarrama had to work together on May 29, 2009. According to Guardarrama, he tried to explain to his supervisors that he was emotionally unable to work with Ms. Rosario. The Mayor of Aguas Buenas gave Guardarrama a written warning on June 8, 2009, due to his refusal to work with Ms. Rosario. The complaint states that this situation caused considerable difficulty for Guardarrama, who unsuccessfully attempted to speak with the Mayor of Aguas Buenas. The complaint further states that Nelson J. Ortiz, Human Resources Director, described the situation between Guardarrama and Ms. Rosario as a personal problem between co-workers that needed to be resolved during non-working hours. Guardarrama ultimately resigned from his position, he argues that this was the result of Aguas Buenas' refusal to accommodate his disability.

## STANDARD

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is treated much like a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Pérez- Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008)(citing Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007)). The Court must

Civil No. 10-2254 (JAG) 3

view the facts in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom. Rivero-Cubano, 520 F.3d at 29 (citing R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006)).

When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009)(citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008)(internal citations and quotation marks omitted).

"Yet [the Court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009)(citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations and quotation marks omitted). Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the

Civil No. 10-2254 (JAG)                                              4

Supreme Court has . . . held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007)(citing Twombly, 550 U.S. 544 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). In other words, while the Rule 8 pleading standard does not require detailed factual allegations, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 9 (1st Cir. 2011)(citing Twombly, 550 U.S. at 555)(internal quotation marks omitted). However, "[n]on-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Id. (citing Iqbal, 129 S.Ct. at 1951).

Civil No. 10-2254 (JAG)                                            5

"Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense,..., the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable." Id. (citing Iqbal, 129 S. Ct. at 1950; Twombly, 550 U.S. at 556)(internal citations and quotation marks omitted). Furthermore, "a well-pleaded complaint may proceed even if ... a recovery is very remote and unlikely." Id. (citing Twombly, 550 U.S. at 556)(internal quotation marks omitted). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

## ANALYSIS

Aguas Buenas seeks to convince the Court that the claims against it should be dismissed because Guardarrama has failed to state a claim upon which relief can be granted. Aguas Buenas posits that the pleadings fail to show that Guardarrama gave Aguas Buenas notice of his disability. Furthermore, according to Aguas Buenas, Guardarrama failed to request any reasonable accommodation. In other words, Guardarrama argues that the duty to accommodate was never triggered because Aguas Buenas was never aware that Guardarrama needed accommodation.

In its motion, Aguas Buenas notes that Guardarrama states in his complaint that he complained about alleged harassment by another employee. However, Aguas Buenas argues that Guardarrama's complaint fails to state to whom the complaint was made. Moreover, Aguas Buenas avers that the complaint is not specific as to whether or not Guardarrama requested a reasonable

Civil No. 10-2254 (JAG)                                              6

accommodation. Aguas Buenas goes on to argue that Guardarrama's pleadings are conclusory and should be dismissed accordingly. In this vein, Aguas Buenas objects to Guardarrama's statement that Aguas Buenas accommodated him after he complained about Rosario's harassment and that they were separated.

The ADA prescribes that no employer "shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). The term "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). "In order to qualify for the ADA's protection, the plaintiff bears the initial burden of establishing that: (1) he suffers from a "disability" within the meaning of the ADA; (2) he is able to perform the essential functions of his position with or without reasonable accommodation; and (3) the employer's actions were based in whole or in part on his disability." Arce v. ARAMARK Corp., 239 F.Supp.2d 153, 165 (D.P.R. 2003)(citing Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 18 (1st Cir. 2002); Quint v. A.E. Staley Mfg. Co., 172 F.3d 1, 9 n. 3 (1st Cir. 1999); Tardie v. Rehab. Hosp. of Rhode Island, 168 F.3d 538, 541 (1st Cir. 1999)).

Under the ADA, the term discriminate includes an employer's failure to make reasonable accommodations. Arce, 239 F.Supp.2d at 166. "Because an employee's disability and concomitant need for accommodation are often not known to the employer until the employee requests an accommodation, the ADA's reasonable accommodation requirement usually does not apply unless triggered by a request from the employee." Reed v. LePage Bakeries, Inc., 244 F.3d 254, 261 (1st Cir. 2001)(citing Henry

Civil No. 10-2254 (JAG)                                                7

Perrett, Jr., 1 Americans With Disabilities Act Handbook, § 4.17, at 121 (3d ed.1997))(internal quotations omitted). Said request must be sufficiently direct and specific. Id.

In Ocasio-Hernandez, 640 F.3d at 14 (1st Cir. 2011), the First Circuit stated that the Supreme Court's concern about conclusory allegations focused on allegations of ultimate legal conclusions and on unadorned recitations of cause-of-action elements couched as factual assertions. The First Circuit further stated that allegations of factual events similar to the allegations presently before this Court are not conclusory. Id. Moreover, the First Circuit stated that factual allegations in a complaint need to be sufficiently detailed to provide defendants with fair notice of what the claim is and the ground upon which it rests. Id. (citing Twombly, 550 U.S. at 550-551).

The Court fails to see how Guardarrama's pleading is conclusory. In his complaint, Guardarrama states that he complained about the harassment he was suffering at the hands of his co-worker. Moreover, the complaint states that Aguas Buenas was aware of the problems between Guardarrama and Ms. Rosario. The complaint further states that the Human Resources Director for Aguas Buenas was aware of the tension between Guardarrama and Ms. Rosario. Additionally, the Court disagrees with Aguas Buenas' argument that Guardarrama's claim should be dismissed because he failed to aver in his complaint, in sufficient detail, that he requested an accommodation. Taking into account Guardarrama's complaint in the light most favorable to him, the Court concludes that the motion for judgment on the pleadings should be denied. As a result, the Court hereby **DENIES** Aguas Buenas' motion for judgment on the pleadings.

Civil No. 10-2254 (JAG)                                                    8

## CONCLUSION

In light of the foregoing, Aguas Buenas' motion for judgment on the pleadings is **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 11th day of May, 2012.

<u>s/ Jay A. García Gregory</u>
JAY A. GARCIA GREGORY
U.S. DISTRICT JUDGE